J-S28041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CORY ALAN HILL | : | No. 574 MDA 2022 |

Appeal FROM the PCRA Order Entered March 18, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000373-2018

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

DISSENTING MEMORANDUM BY McLAUGHLIN, J.:**FILED FEBRUARY 15, 2023**

The Court of Common Pleas granted Cory Alan Hill's Post Conviction Relief Act ("PCRA") petition because, in its view, trial counsel were ineffective for failing to move to suppress on the ground that the traffic stop was illegal. Because I do not believe Hill carried his burden as a PCRA petitioner to plead and prove that he was entitled to PCRA relief, I would reverse.

Hill filed an amended PCRA petition claiming that trial counsel were ineffective in failing to file a timely suppression motion challenging the traffic stop. He maintains that such a motion would have had arguable merit because "there is no clear authority requiring a driver to use a turn signal during the negotiation of a traffic circle." Amended PCRA Petition at 4, ¶ 24.

At a hearing, PCRA counsel explained that the evidence giving rise to the charges against Hill was seized during a traffic stop. Counsel said that

police stopped the car in which Hill was riding after observing the driver "entering a roundabout and then exiting the roundabout on the other side of the roundabout without making a signal when the car exited the roundabout." N.T. PCRA Hearing, 2/15/22, at 5. According to PCRA counsel, the car "had not changed roads but simply been on one road, entered the roundabout and continued on the same road after going around half of the roundabout." *Id*.; *see also id.* at 23. Counsel argued that "it's not at all clear" that a driver must "use a turn signal when proceeding down a particular roadway that happens to have a roundabout in the middle of it." *Id.*

Hill did not present any evidence at the PCRA hearing but did ask the court to take judicial notice of the contents of the notes of testimony from his bench trial. *Id.* at 4. The Commonwealth said it had no objection to the court's doing so. *Id.* at 8.

The Commonwealth pointed out that while there was no testimony at the pretrial motion hearing, at Hill's bench trial, the arresting trooper testified that he first saw the subject vehicle on one road, Museum Road, and then observed it go from that road into the traffic circle. The trooper said that the car then took the third right off the traffic circle, which put it on Reading Avenue, giving only a "quick, partial signal." *Id.* at 19; *see also* N.T. Trial, 8/27/19, at 24. The trooper stopped the car, and during the stop, Hill fled the vehicle and led the trooper on a foot chase. The trooper apprehended Hill and recovered controlled substances, paraphernalia, $1450 in cash, and a loaded gun and ammunition.

The Commonwealth argued at the PCRA hearing that the trooper's testimony showed, contrary to Hill's argument, the car had changed roads. *See* N.T. PCRA Hearing at 19. The Commonwealth further maintained that, in any event, the applicable statute requires a turn signal when moving from one traffic lane to another, and the car had not signaled properly here. *Id.* at 21. Because the vehicle did not adequately signal before leaving the traffic circle, the Commonwealth maintained, the trooper had probable cause to stop it. *Id.*

The PCRA court granted relief. It found that the underlying issue – the suppression motion – had arguable merit because there was "no clear authority established in this [C]ommonwealth as to whether a driver is required to use a turn signal during the negotiation of a traffic circle." PCRA Opinion, filed 3/18/22, at 4. It stated, however, that numerous other states have not required a turn signal when navigating a roundabout "because the statute for use of turn signals is too ambiguous[.]" 1925(a) Opinion, filed 5/12/22, at 5 (citing *People v. McBride*, 490 P.3d 810, 816 (Colo. Ct. App. 2020), *rev'd on other grounds*, 511 P.3d 613 (Colo. 2022); *Noble v. State*, 357 P.3d 1201, 1201 (Alaska Ct. App. 2015); and *State v. Davis*, 143 N.E.3d 343, 346 (Ind. Ct. App. 2002)). It did not determine whether the Pennsylvania statute governing the use of turn signals, 75 Pa.C.S.A. § 3334, was ambiguous. Finding the remaining elements of an ineffectiveness claim satisfied, the court granted relief.

The majority takes a similar approach. It reviews the cases from other states that the PCRA court cited and found the lower court's assessment of

them to be accurate. It then concludes that Hill demonstrated that the underlying claim had arguable merit and counsel should have sought suppression on that basis, and that Hill sustained prejudice.

I do not agree that Hill was entitled to relief. His argument below was that there was no clear authority requiring a turn signal because the car did not turn or change lanes when using the traffic circle. Rather, he contended that when car went through the circle, it began and ended on the same road.

But that argument is not based on any evidence. Hill, as the PCRA petitioner, bore the burden of presenting evidence to prove his right to relief. Neither he nor the Commonwealth presented any evidence before the PCRA court. The only evidence before the court was the record, which included the trial transcripts. Although trial counsel had filed a pretrial motion, the court dismissed it as untimely without taking evidence. The trial testimony of the trooper showed that the vehicle had, in fact, entered the traffic circle on one road and left on a different one. There was no evidence that it had "stayed" on the same road. In the absence of any evidence to support his core argument, I cannot agree that the lower court properly granted his PCRA petition. Hill's argument fails on its own terms.

I also have some difficulty with the majority's statutory construction analysis. Issues of statutory interpretation are questions of law. Our standard of review of them is *de novo*, and our scope of review is plenary. ***SEPTA v. City of Phila.***, 101 A.3d 79, 87 (Pa. 2014).

When we engage in statutory interpretation and construction, we must "ascertain and effectuate the intention of the General Assembly" in enacting the statute at issue and give effect to all the statute's provisions. 1 Pa.C.S.A. § 1921(a); ***Crown Castle NG E. LLC v. Pa. Pub. Util. Comm'n***, 234 A.3d 665, 674 (Pa. 2020). If statutory language is "clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b); ***Crown Castle***, 234 A.3d at 674. In ascertaining the plain meaning, we consider the statutory language in context and give words and phrases their common and approved usage. ***Crown Castle***, 234 A.3d at 674.

If the words of a statute are not explicit, we discern the legislative intent by considering outside factors. ***Id***. Permissible considerations include:

(1)   The occasion and necessity for the statute.

(2)   The circumstances under which it was enacted.

(3)   The mischief to be remedied.

(4)   The object to be attained.

(5)   The former law, if any, including other statutes upon the same or similar subjects.

(6)   The consequences of a particular interpretation.

(7)   The contemporaneous legislative history.

(8)   Legislative and administrative interpretations of such statute.

1 Pa.C.S.A. § 1921(c).

Neither the majority nor the PCRA court explicitly found Section 3334 ambiguous. They therefore lacked a proper foundation for turning to materials outside the statute's text to decide whether Section 3334 requires a turn signal when "negotiating" a traffic circle. Moreover, even if they had expressly found an ambiguity, I do not believe we may resort to decisions of another state to decide the meaning of Section 3334. Although the General Assembly has directed us to construe uniform acts in such a way as "to make uniform the laws of those states which enact them," Section 3334 is not a uniform law. 1 Pa.C.S.A. § 1927. Indeed, the turn signal laws of the states the majority cites employ different wording than Section 3334.

The plain language of the statute is sufficient to resolve this appeal. The relevant portion of Section 3334 provides, "Upon a roadway no person shall turn a vehicle or move from one traffic lane to another . . . without giving an appropriate signal in the manner provided in this section." 75 Pa.C.S.A. § 3334(a).

As above, Hill argued that because he proceeded through the traffic circle without changing roads, the statute did not apply. But, as also explained above, there was no evidentiary basis before the PCRA court to support his contention that the car did not change roads. To the contrary, the only evidence was that he entered on one road and left on another. He has not presented any evidence to support his claim that the vehicle went "straight." The only evidence was that it made a "turn." In that circumstance, the plain

language of the statute requires a signal. I cannot say on this record that Hill's underlying claim had arguable merit.

Perhaps apprehending this difficulty, the majority adds a footnote stating that even if Section 3334 requires a driver to signal when leaving a traffic circle, the record was insufficient to determine whether the vehicle had signaled within the required distance before leaving.[1] *See* Majority at 13 n.5. The majority appears to conclude that such an argument would have had arguable merit. It states that "this is an alternative argument" that trial counsel could have raised in a timely motion to suppress. *Id.*

The problem here is that the majority has put the burden on the wrong party. This is a PCRA proceeding, not a suppression motion. Hill therefore bore the burden of creating a record sufficient to prove his claim. If the factual record was insufficient to establish whether or not a turn signal was properly used, at the PCRA stage, that failure went against Hill, not the Commonwealth. The absence of sufficient evidence to decide the merits of any such argument – which Hill does not appear to have made – means Hill failed to prove that the claim had arguable merit.

_____

[1] *See* 75 Pa.C.S.A. 3334(b) ("Signals on turning and starting.--At speeds of less than 35 miles per hour, an appropriate signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning. The signal shall be given during not less than the last 300 feet at speeds in excess of 35 miles per hour. The signal shall also be given prior to entry of the vehicle into the traffic stream from a parked position.").

Furthermore, even assuming, *arguendo*, that Section 3334 is ambiguous as applied to traffic circles, Hill's suppression claim still lacks arguable merit. Section 3334's obvious purpose is to give others using the roadway sufficient advance notice of a vehicle's intended movement in order to foster roadway safety. **See** 1 Pa.C.S.A. § 1921(c)(4). Requiring the use of a signal in traffic circles will further that goal. Indeed, the Department of Transportation has taken the position that a signal is required, regardless of whether the driver is "going straight" or "turning" in a traffic circle. **See** "Multi-Lane Roundabouts," Pa. Dep't of Transp. Pub. 580 (5-13), *available at* https://www.dot.state.pa.us/public/PubsForms/Publications/PUB%20580.pdf (last visited 1/20/23). **See** 1 Pa.C.S.A. § 1921(c)(8). I would reverse and therefore respectfully dissent.